[No. 6388. Decided December 5, 1906.]

I. M. Cuschner, *Appellant*, v. Madeline L. Longbehn et al., *Respondents*.[1]

Appeal—Record—Statement of Facts. Where amendments have been proposed to a statement of facts, the court is without jurisdiction to certify the statement when no notice of settlement has been given, and a statement so certified will be stricken.

Judgment—Res Adjudicata. A judgment against the vendor of personal property denying his right to recover possession, in an action brought on the theory that the transaction was a conditional sale, is *res adjudicata* and a bar to a subsequent action of replevin brought by the plaintiff against the same vendees on the theory of rescission of the sale for fraudulent representations of the vendees inducing the sale.

Appeal from a judgment of the superior court of Spokane county, Carey, J., entered December 6, 1905, in favor of the defendants, after a trial on the merits before the court without a jury, in an action of replevin. Affirmed.

*Samuel R. Stern*, for appellant.

*J. M. Simpson*, for respondents.

Crow, J.—This action was instituted by I. M. Cuschner, plaintiff, against the defendants, Madeline L. Longbehn and John C. Longbehn, her husband, to recover possession of certain furniture. The plaintiff alleged, that the defendants

[1]Reported in 87 Pac. 817.

had fraudulently induced him to sell and deliver the furniture to them, by representing that they were the owners of certain real estate which was free from incumbrance except a mortgage for $1,700; that they then and there offered to give him a second mortgage thereon for the value of the furniture; that relying on such representations, he was induced to, and did, sell them the furniture in question, and took a second mortgage on their real estate for the purchase price thereof; that their representations were false and fraudulent; that defendants had no right to encumber said real estate, and that plaintiff's so-called second mortgage was worthless. The theory of the complaint was that the plaintiff had elected to rescind his contract of sale and to recover possession of the property sold. The defendants alleged, that in a previous action between the same parties, the plaintiff herein had sought to recover possession of the same furniture upon the theory that it had been delivered to the defendants by him on a conditional bill of sale; that the former action had been decided in favor of the defendants, and that the furniture which had theretofore been taken by plaintiff had been ordered by the court returned to them. The plaintiff having replied, this cause was tried without a jury, and from a final judgment entered in favor of the defendants, this appeal is prosecuted.

The respondents have moved this court to strike the statement of facts for the reason that no notice has ever been given to them of the time when, or place where, it would be settled. The record shows that proposed amendments were filed and served by the respondents within the statutory time. There is no proof that any notice of the time and place for the settlement of the statement was ever served upon the respondents, nor is there any showing that they appeared at the time of settlement. Bal. Code, § 5058 (P. C. § 675), provides that, within ten days after the service of a proposed statement of facts, any other party may file and serve on the

proposing party any amendments which he may propose thereto, and that either party may thereafter serve upon the other a written notice that he will apply to the court at a time and place therein specified to settle and certify the statement. Where amendments have been proposed, the court is without jurisdiction to certify the statement, in the absence of such service of notice, or the appearance of the party who proposed the amendments. No notice having been given and no appearance of the respondents being shown, the court was without authority to make the certificate, and the statement of facts will therefore be stricken.

The only question remaining for the consideration of this court is, whether the findings of fact made by the trial court sustain the final judgment. From the findings it appears, that on March 23, 1904, a former action of replevin, No. 19024, was instituted in the superior court of Spokane county, by the appellant herein against the respondents herein, for the recovery of certain furniture alleged to have been sold to respondents by the appellant upon a conditional sale contract; that said action No. 19024 was brought to trial before the judge of said court, who, after making findings of fact and conclusions of law, entered a judgment thereon in favor of the respondents and against the appellant herein, for the return of the furniture described in the complaint, or for its value in the event that the same could not be returned; that no appeal was taken from such final judgment; that this cause was begun by the appellant on April 4, 1905; that appellant alleged he returned the furniture mentioned in the original cause No. 19024, and also alleged that he had again taken the same furniture from the respondents in this action; that the first action, No. 19024, was brought upon the theory of a conditional sale contract; that this action had been brought upon the theory that possession of the same furniture had been secured by the respondents through fraud; that the respondents had answered the complaint in this action,

denying its allegations and pleading the affirmative defense of ·
*res adjudicata;* that upon the trial the appellant had intro-
duced testimony; and that the defendants had simply denied
plaintiff's allegations of fraud, and introduced the records of
the former action.

Upon these findings of fact, which show a former adjudi-
cation between the same parties as to their right to the pos-
session of the identical furniture here involved, the trial
court entered a final judgment in favor of respondents. As
it is apparent that such judgment necessarily resulted from
the findings made, the same is now affirmed.

MOUNT, C. J., DUNBAR, ROOT, RUDKIN, and HADLEY, JJ.,
concur.